THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Sign-N-Ryde, LLC, Appellant,
v.
Preferred
 Automotive Group, LLC, and Larry King Chevrolet, LLC, Defendants,
Of whom Larry
 King Chevrolet, LLC, is Respondent.
 
 
 

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2011-UP-554
Heard October 19, 2011  Filed December 9,
 2011   

AFFIRMED

 
 
 
William S.F. Freeman, of Greenville, for
 Appellant.
Robert Lawrence Reibold, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Sign-N-Ryde, LLC, appeals the dismissal
 of its claims against Larry King Chevrolet, LLC, for false light invasion of
 privacy, breach of implied warranty, and violation of the South Carolina
 Regulation of Manufacturers, Distributors and Dealers Act.  We affirm.
1. As to the dismissal of the
 cause of action for false light invasion of privacy, we agree with Sign-N-Ryde
 that dismissal of this claim at the pleading stage solely on the ground that it
 has not yet been recognized as an actionable tort is premature.  See Madison
 v. Am. Home Prods. Corp., 358 S.C. 449, 451, 595 S.E.2d 493, 494 (2004)
 ("As a general rule, important questions of novel impression should not be
 decided on a motion to dismiss.").  Nevertheless, we hold the dismissal
 pursuant to Rule 12(b)(6), SCRCP, on the ground that the complaint did not
 allege Larry King Chevrolet publicized facts specifically about Sign-N-Ryde was
 proper.  See Restatement (Second) of Torts § 652E (1977) (stating
 a party is subject to liability for false light invasion of privacy if that
 party "gives publicity to a matter concerning another that places
 the other before the public in a false light" (emphasis added)).  Here, Sign-N-Ryde
 asserted only that Larry King Chevrolet "caused the cars to be identified
 in the system as stolen"; there is no allegation in the complaint that Larry
 King Chevrolet made any representations concerning Sign-N-Ryde. 
2. We hold the trial court
 correctly dismissed Sign-N-Ryde's claim for breach of warranty of merchantability
 based on the absence of any allegation that the vehicles were mechanically
 defective.  See S.C. Code Ann. § 36-2-314 (2003) (stating that for goods
 to be merchantable, they must (1) pass without objection in the trade under the
 contract description; (2) if fungible, be of fair average quality; (3) be fit
 for the ordinary purposes for which they are used; (4) run, within variation
 permitted by the sales agreement, of even kind, quality, and quantity within
 each unit and among all units involved; (5) be adequately contained, packaged,
 and labeled as the agreement may require; and (6) when applicable, conform to
 other warranties from course of dealing or trade usage); S.C. Code Ann. §
 36-2-315 (2003) (providing a warranty of fitness for a particular purpose is
 implied if "the seller at the time of contracting has reason to
 know any particular purpose for which the goods are required and that
 the buyer is relying on the seller's skill or judgment to select or
 furnish suitable goods" (emphasis added)).  The vehicles involved in this
 action were purchased by Sign-N-Ryde from a third party that in turn had obtained
 them from Larry King Chevrolet; therefore, no buyer-seller relationship existed
 between Sign-N-Ryde and Larry King Chevrolet.  Moreover, Larry King Chevrolet
 acknowledged in its brief that it did not seek dismissal of a separate cause of
 action arising from Sign-N-Ryde's assertion that it "was an innocent
 holder in due course who gave valuable consideration for title to the
 vehicles."  Because we affirm the dismissal of the breach of warranty
 claims based on Sign-N-Ryde's failure to allege any problems with the vehicles
 other than title defects, we need not address Sign-N-Ryde's argument that the
 trial court, in dismissing these claims, incorrectly relied on North Carolina
 law to hold that privity was required.  See Futch v. McAllister
 Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999)
 (stating an appellate court need not address remaining issues when a decision
 on a prior issue is dispositive).

3. Finally, we affirm the trial court's
 dismissal of Sign-N-Ryde's claim under the South Carolina Manufacturers,
 Distributors and Dealers Act, sections 56-15-10 to -140 of the South Carolina Code (2006 & Supp.
 2010), on the ground that the
 Act does not cover vehicle sales in North Carolina by a North Carolina car
 dealer.  See Robertson v. Bumper Man Franchising Co., 364 S.C.
 155, 157, 612 S.E.2d 451, 452-53 (2005) (citing the rule that "state
 statutes have no extraterritorial effect" and further rejecting the
 argument that a subsequent contract executed by the parties in South Carolina
 did not cause the particular legislation at issue "to relate back and
 apply to" the prior out-of-state transaction) (cited in Carolina
 Trucks & Equip. v. Volvo Trucks of N. Am., 492 F.2d 484, 489 (4th Cir.
 2007)).
 AFFIRMED.
FEW,
 C.J., and THOMAS and KONDUROS, JJ., concur.